## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, I, Jorge A. Escribano, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so since December of 2016. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy in Glynco, GA. I have received training in crime scene investigations, the identification and management of evidence. I have a Bachelor's Degree and a Master's Degree in Criminal Justice. I was assigned to the ATF High Intensity Drug Trafficking Area Group (HIDTA). As part of the HIDTA Group, I conduct investigations of violent gangs, firearms and narcotics violations. I have specialized training and/or experience in the area of high-level drug enforcement, street-level drug enforcement, narcotics smuggling and distribution, gangs, undercover operations, surveillance and debriefing informants and suspects. I am currently assigned to the ATF Violent Crime Group. As part of the Violent Crimes Group, I conduct investigations of violent gangs, firearms and narcotics violations. I have specialized training and/or experience in the area of high-level drug enforcement, street-level drug enforcement, narcotics smuggling and distribution, gangs, undercover operations, surveillance and debriefing informants and suspects.

2. During my employment in law enforcement, I have received training in connection with, and conducted investigations of violations of the National Firearms Act, Gun Control Act, and Title 18 United States Code Sections 922(g), 922(o), 924(c) and others. I have also received training and conducted investigations involving illicit drugs and the distribution of illicit drugs in violation of Title 21, United States Code, Sections

841(a)(1), 843(b), 846 and others.

3. In addition, I have had conversations and worked alongside other experienced local, state and federal law enforcement officers, as well as state and federal prosecuting attorneys concerning violations of firearms and narcotics laws.

4. During my employment with the ATF, I have participated in weapons and narcotics investigations. These investigations involved the unlawful importation, exportation, manufacture, possession with intent to distribute and distribution of narcotics (including cocaine, heroin, and crack cocaine, among other narcotics), the laundering of narcotics proceeds and monetary instruments derived from narcotics activities, conspiracies associated with narcotic offenses. These investigations involved debriefing defendants, witnesses, informants, conducting surveillance, assisting in court ordered communications interceptions, and executing search warrants, included physical surveillance, execution of search and arrest warrants, handling of confidential sources. Through my training, experience and interaction, I have become familiar with the methods employed by narcotic traffickers in general, and large narcotics trafficking organization in particular, to smuggle, safeguard and distribute narcotics and to collect and launder narcotics related proceeds.

5. Based upon my training, experience and participation in other firearms investigations and my extensive discussion with experienced agents in my Agency and other law enforcement agencies including local Police. I know that people who are part of a Drug Trafficking Organization (DTO) in concert with other individuals commonly maintain records that reflect names, addresses and/or telephones numbers of their associates in their telephones, cellular phones; they also maintain records of communications such as

telephones call logs, chats and text messages; in addition they take photographs of themselves or induce others to photograph them, their associates, their property, and their product. These individuals usually maintain these records of communication and photographs in their possession and in cellular phones.

6. The information set forth herein is based on my personal knowledge, information obtained through interviews, information provided to me by other law enforcement officers and through other various forms of information. This affidavit is offered for the limited purpose of establishing probable cause justifying the issuance of a search warrant, therefore, I have not recited every fact known to me as a result of this investigation. This affidavit is offered for the limited purpose of establishing probable cause justifying the issuance of the requested search warrants. Therefore, I have not recited every fact known to me as a result of this investigation.

7. This affidavit is offered for the limited purpose of establishing probable cause justifying the issuance of the requested search warrants. Therefore, I have not recited every fact known to me as a result of this investigation.

## FACTS THAT ESTABLISH PROBABLE CAUSE

8. On March 23, 2025, at approximately 6:58pm, Puerto Rico Police Bureau (PRPB) Agents assigned to the San Juan Intelligence unit received a phone call from an anonymous source, that stated that an individual by the name of OMAR was armed and was under federal probation in the San Antonio Public Housing Project (SAPHP) in San Juan, PR. PRPB Agents later identified OMAR as **Omar Angel CASTILLO TORRES**.

9. On March 24, 2025, at approximately 9:30am, PRPB Agents of the San Juan Intelligence unit conducted a surveillance to interdict with CASTILLO TORRES. PRPB Agents

placed the unmarked units around SAPHP to establish different vantage points to conduct the surveillance.

10. At approximately 12:00pm on March 24, 2025, PRPB Agents observed CASTILLO TORRES armed with a pistol around his waistband and wearing a black bag, exit one of the buildings from SAPHP, making his way outside SAPHP. PRPB Agents started to make an approach to CASTILLO TORRES when an individual in a KIA, grey in color, model Forte, bearing PR license plate JOD257, picked up CASTILLO TORRES. PRPB agents immediately conducted a traffic stop, PRPB agents exited their vehicles, approached the abovementioned vehicle and ordered CASTILLO TORRES and the driver to exit the vehicle. PRPB agents explained to CASTILLO TORRES and the driver the purpose of the traffic stop and detained both of them for security purposes. While PRPB agents where detaining CASTILLO TORRES, PRPB agents observed a pistol at the floor of the passenger seat where CASTILLO TORRES was sitting. PRPB agents immediately place both of them under arrest for violations of PR firearms law.

11. PRPB agents immediately seized from the floor of the passenger side of the abovementioned vehicle one (1) pistol, Glock model 19x, 9mm, SN: BKKH466 with a machinegun conversion device (MCD) attached to the end of the slide loaded with seventeen (17) rounds of 9mm ammunition. PRPB agents while conducting a security pat down to CASTILLO TORRES seized one (1) grey in color iPhone with black cover and one black bag.

12. PRPB agents seized from CASTILLO TORRES the black bag (that he was seen wearing earlier) and found the following items inside:

- Three (3) black extended magazines of 31 round capacity. One (1) loaded with twenty-seven (27) rounds of 9mm ammunition and two (2) loaded with twenty-four (24) rounds of 9mm ammunition.
- One (1) tan magazine of 17 round capacity loaded with seventeen rounds of 9mm ammunition.
- One (1) packet containing cigarette wrapping paper.
- One (1) Florida drivers license #C234-641-87-211-0 in the name of Omar CASTILLO TORRES.

13. PRPB agents transported CASTILLO TORRES and the driver to the PRPB intelligence unit office in San Juan. PRPB agents contacted ATF agents to consult the case. ATF agents arrived at the intelligence unit office in San Juan to interview CASTILLO TORRES and the driver.

14. On March 24, 2025, at approximately 3:16 PM, ATF Agents read CASTILLO TORRES his Miranda warnings. After understanding and signing the form, CASTILLO TORRES waived his right to remain silent and stated that the pistol seized in the abovementioned vehicle was his and he had it for security purposes. CASTILLO TORRES also stated that he was under supervised release and that he served time in prison for about five (5) years.

15. The investigation revealed that Omar CASTILLO TORRES had been previously convicted of a felony crime punishable for a term exceeding one (1) year of imprisonment more than once and is under federal supervised release.

16. The investigation further revealed that no firearms and ammunition, including the type described above, are manufactured in the Commonwealth of Puerto Rico and therefore, the investigation concluded these firearms and ammunitions were shipped or transported in interstate or foreign commerce.

17. In addition, an ATF Agent conducted a field test of the aforementioned Glock pistol and preliminary determined that it may have been modified with a device to expel more than one round of ammunition with a single function of the trigger. The modifying device in

the firearm can be easily observed by anyone who loads, unloads, charges, cleans or disassembles the firearm due to the obvious color contrast of the device and due to the conspicuous damage to the firearm surrounding the modification. As modified, the firearm is only capable of shooting automatically. ATF Agents inspected the firearm and observed damage on the part of frame where the modifying device is located on the abovementioned Glock pistol that are indicators that the firearm was fired in automatic.

## CONCLUSION

18. Based on the above facts, I have probable cause to believe that **Omar Angel CASTILLO TORRES** has violated federal firearm laws. Specifically, he violated **18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition) and 18 U.S.C. § 922(o) (Possession of a Machinegun)**.

19. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge this 25th of March 2025.

Jorge A. Escribano
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

Subscribed and sworn pursuant to FRCP 4.1 at __2:31PM__ by telephone, this __25th__ day of March 2025, in San Juan, Puerto Rico.

Marshal D. Morgan
United States Magistrate Judge
District of Puerto Rico